[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
After hearing the court makes the following findings.
The plaintiff, Elizabeth B. Riley, whose maiden name was Elizabeth Bunte, and the defendant, Michael E. Riley, were married on March 24, 1979 in Essex, Connecticut. The plaintiff has resided in Connecticut continuously since the date of the marriage.
The defendant is an alcoholic. His alcoholism has caused problems in the marriage and led to the loss of his job with the State of Connecticut in 1994. He had worked for the state since 1963. The wife has suffered from the effects of the defendant's alcoholism over the sixteen years of the marriage.
The defendant's problem with alcohol and the consequences thereof for his family have caused the marriage to break down irretrievably.
There were two children born to the parties during the course of the marriage: Amy, born September 7, 1982; and John-Michael, born July 5, 1987. No other children have been born to the plaintiff since the date of the marriage.
The plaintiff did not work outside the home for a substantial portion of the marriage because she was caring for the children.
The defendant is now disabled and has no ability to support the children. However, the defendant will be eligible to receive a substantial pension from the State of Connecticut within one and one half to two years from this date. In order to insure for the support of the children and the financial well being of the CT Page 11807 plaintiff, it is necessary for the court to enter a Qualified Domestic Relations Order for a portion of the defendant's pension.
The court hereby issues the following orders:
1. A dissolution of the marriage is granted.
2. The Agreement between the parties dated July 27, 1995 concerning custody and visitation is hereby incorporated by reference and made a part of this judgment. A copy of that Agreement is attached hereto as exhibit A and includes the following terms:
a. The plaintiff will have custody of the minor children.
b. The parties will consult with each other on major decisions concerning their children such as education, elective medical choices, religious upbringing and general welfare. The parties will also keep each other reasonably informed about the significant academic, physical, emotional and social activities of the minor children and will provide each other with copies of all such verbal and written medical and educational communications.
c. The children will reside with the plaintiff wife.
d. The parties will maintain a flexible visitation schedule which will include the defendant husband, while he is unemployed, watching the children after school until the plaintiff returns home. When the defendant becomes employed, he will watch the children as needed.
The defendant husband will pick up the children from Saturday morning until Sunday evening after their dinner. He will have a minimum of two weeks with both children during their summer vacation with additional time as negotiated. Holidays with the children will be negotiated and divided on a yearly basis. The parties will renegotiate the parenting agreements if either parent moves out of state.
The defendant will give the plaintiff child support on a weekly basis in accordance with the 1994 Connecticut state Guidelines. CT Page 11808
3. The defendant husband shall transfer forthwith all right, title and interest in the real property at 68 Mink Rock Circle, Westbrook, Connecticut to the plaintiff wife.
4. For a period of one year from July 27, 1995, the defendant will make payments due under a Mortgage on the Mink Rock Circle property dated June 26, 1987 and hold the plaintiff harmless from all amounts due under said Mortgage and note or other obligation which it secures.
5. The defendant shall hold the plaintiff harmless from all credit card debt shown on his financial affidavit of July 27, 1995.
6. The defendant is ordered to maintain the plaintiff as the beneficiary of his state retirement benefits until such time as he retires.
7. The defendant is ordered to pay one dollar per year as alimony to the plaintiff until such time as he has fulfilled his obligation to pay and hold the plaintiff wife harmless from the Mortgage referred to in paragraph 4 hereof.
8. The plaintiff will receive as a property settlement 50% of the defendant's vested retirement benefits from the State of Connecticut by virtue of this Qualified Domestic Relations Order.
By the Court,
Aurigemma, J.
Judgment entered in accordance with Foregoing Memorandum of Decision.
Jonathan W. Field, Deputy Chief Clerk